UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>MADISON AT PARK WEST PROPERTY OWNERS ASSOCIATION, INC., MADISON AT PARK WEST TARRAGON LLC, a South Carolina Limited Liability Company, NORTHLAND MADISON AT PARK WEST, LLC, a South Carolina Limited Liability Company, NORTHLAND PROPERTIES MANAGEMENT, LLC, a Delaware Limited Liability Company, NORTHLAND INVESTMENT CORPORATION, a Delaware Corporation, and ELIZABETH O'DONNELL, MARY ANN NEATON and JOHN BUIEL, on behalf of themselves and others similarly situated,<br><br>Defendants. | C.A. NO.:<br><br>**COMPLAINT**<br>**(non-jury)** |

COMES NOW, the Plaintiff above named, Auto-Owners Insurance Company, ("Auto-Owners"), complaining of the Defendants above named, alleges and states that:

1. Auto-Owners is a corporation organized under the laws of Michigan qualified to do business in South Carolina who was, at all times, referred to herein, having its principal place of business in the state of Michigan.

2. The Defendant, Madison at Park West Property Owners Association, Inc., ("POA") is a South Carolina corporation/entity with its principal place of business in Charleston County, South Carolina.

-1-

3.   The Defendants, Madison at Park West Taragon, LLC, Northland Madison at Park West, LLC, Northland Properties Management, LLC, and Northland Investment Corporation are either South Carolina LLCs and/or Delaware LLCs and/or corporations with their principal place of business in a state other than Michigan. These Defendants are being joined in this action solely because they *may* have an interest in the outcome of this action. If they do not, the Plaintiff will consent to their immediate dismissal, however, the outcome of this action will bind them just as if they had participated in the case.

4.   The Defendants, Elizabeth O'Donnell, Mary Ann Neaton, and John Buiel, on behalf of themselves and the class they seek to represent ("O'Donnell"), are, upon information and belief, South Carolina residents and citizens and are seeking to represent a class of persons in the underlying action which is further described in Paragraph 8, *infra*. These Defendants are being joined in this action solely because they *may* have an interest in the outcome of this action. If they do not, the Plaintiff will consent to their immediate dismissal, however, the outcome of this action will bind them just as if they had participated in the case.

5.   Upon information and belief, this Court has both personal and subject matter jurisdiction over this matter and venue is proper in the Charleston Division of the United States District Court for the District of South Carolina pursuant to 28 U.S.C. § 1332 as the action is between citizens of different states and the amount in controversy is in excess of $75,000, exclusive of costs and interest. This court has subject matter jurisdiction, and personal jurisdiction exists over the defendants via the South Carolina long arm statute and via the Defendants continuous and systematic contacts with the state.

6.   This matter involves a declaratory judgment action to determine whether coverage exists

pursuant to commercial general liability ("CGL") contracts of insurance entered into between Auto-Owners, and the POA . Auto-Owners provided coverage to the POA from August 31, 2006, until August 31, 2009. The policy number was 062316-36032078-06. Each year thereafter when the policy was renewed, the last two digits of the policy changed to the corresponding year of issue, i.e. 07 and 08, respectively. The policies are collectively referred to herein as "the Policies". Each policy has a $2 million general aggregate limit and $1 million per occurrence limit. The language of each policy is hereby incorporated by reference. Certified copies of all the policies are attached hereto in sequential order as Exhibit A.

7. This action is brought pursuant to the Federal Declaratory Judgment Act, codified at 28 U.S.C. § 2201 (Supp. 2002) and seeks a declaration that the Policies do not provide liability insurance coverage in the underlying lawsuit. The policies do not contain Directors and Officers coverage ("D&O"). Additionally, under the policies an "occurrence" and "property damage" may not be present as defined under the policies, as well as pursuant to the (j)(1) Exclusions, as is set forth with more particularity *infra*, as well as any other provisions of the Policies that may be discovered during the pendency of this litigation. This action will seek to declare that no obligation of defense exists under these policies of insurance as there is no obligation of indemnity. In the event coverage does exist, Plaintiffs will seek a declaration that they are only responsible for their pro-rata share of indemnity based upon their time on the risk, with all uninsured portions to time on the risk to be born by the insured.

## FACTUAL ALLEGATIONS

8. Upon information and belief, on January 14, 2009, an Amended Complaint was filed in the South Carolina Court of Common Pleas for the Ninth Judicial Circuit, Charleston County, captioned

*O'Donnell, et al, vs Madison at Park West Tarragon, LLC, et al,* CA No.: 2008-CP-10-7344. This action is currently pending in Charleston County, South Carolina. A copy of said suit is attached hereto as Exhibit "B" and incorporated herein by reference and is hereinafter referred to as "the Lawsuit." Each of the Defendants named in this action are also named in the Lawsuit. In sum, the Lawsuit as to the POA seeks money damages arising out of alleged breaches of fiduciary duty and breaches of warranty by the POA in connection with certain alleged construction deficiencies at the POA which has allegedly led to damage to property O'Donnell and the POA own.

9. The Lawsuit alleges two (2) causes of action against the POA: (1) breach of warranty; and (2) breach of fiduciary duty. The alleged property at issue is owned by the Defendants and Plaintiffs, according to their complaint and thus, one or more of the policy exclusions apply.

10. The Policies issued by Auto-Owners do not include or constitute a performance bond covering the Defendant's work, nor do they contain errors or omission coverage or D&O coverage, nor are they homeowners insurance.

11. As a result of the Lawsuit described above, the POA notified Plaintiffs of the Lawsuit. The loss was purported/alleged to have occurred during the period of time wherein Auto-Owners provided insurance coverage to the POA.

12. Auto-Owners has provided a defense of the Lawsuit for the POA pursuant to a reservation of rights until this Court determines whether coverage exists under the policies. The Lawsuit has not been settled. The parties in the underlying action are seeking substantial actual and punitive damages, in whole or in part, from the POA. The amount in controversy in the Lawsuit identified above exceeds the jurisdictional amount of $75,000.00.

13. The Policies issued to POA by Auto-Owners, contain the following provisions for all

Policy years which are, among other provisions of the Policy, relevant to this action:

SECTION I - COVERAGES

COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        (1) The amount we will pay for damages is limited as described in the Limits of Insurance (Section III); and

        (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

        No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

    b.  This insurance applies to "bodily injury" and "property damages" only if:
        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

        (2) The "bodily injury" or "property damage" occurs during the policy period.

2. Exclusions

    This insurance does not apply to:

    a.  "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

-5-

      j.    "Property damage" to:

           (1)    Property you own, rent, occupy or use, including any cost or expense incurred by you, or any other person, organization or entity for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

SECTION V -- DEFINITIONS:

14.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

18.    "Property Damage" means:

    a.    Physical injury to tangible property, including all resulting loss of use of that property . . . .; or

    b.    Loss of use of tangible property that is not physically injured.

14.    The Lawsuit alleges various acts and omissions by the POA. The claims contained in the Lawsuit are all grounded on allegations of intentional, willful and wanton conduct by the Defendants. Under the insuring agreement (paragraph 1), the Policies cover only "property damage" which is caused by an "occurrence." "Occurrence" is defined in the Policies as an "accident" (Section V, paragraph 9). As there is no "accident" there can be no occurrence. Further, the property at issue in the underlying action is property owned by the POA and O'Donnell, thus, there can be no coverage under the exclusions of the policy. Furthermore, a claim of breach of fiduciary duty is not considered "property damage" under a commercial general liability insurance policy. Finally, coverage does not exist for claims which are expected or intended by the insured, which may be present in the underlying action.

15.    The Policy provisions found in Coverage A, paragraph 2, subsections (a) and (j)(1) for all

Policy years exclude coverage.

16.     Plaintiff is informed that a justiciable controversy exists between the parties, and that the parties named as defendants have or may claim an interest in the subject matter of this litigation, and that the disposition of the insurance policies in this matter will affect the rights and liabilities of the defendants in regard to their own exposure to damages which are the subject of the underlying lawsuit. Plaintiff prays that the Court inquire into the dispute between the parties, review the Policies and applicable facts and law, and issue a Declaratory Judgment as to the rights and responsibilities of the parties under the policies in question.

17.     Plaintiff is informed and believe that the Policies do not afford coverage to the Defendants. Plaintiff, therefore, brings this action seeking a declaration from this Honorable Court that they are under no duty or obligation, pursuant to the Policies, to defend and/or indemnify the Defendants for any matters relating to the Lawsuit, or any judgment arising therefrom, and, further, that if an "occurrence" and "property damage" are present, that the aforementioned exclusions are applicable and serve as an exclusion to coverage.

18.     In the alternative, should the Court determine that coverage exists in favor of the Defendants, Plaintiff seeks a declaration from the Court of its applicable period of coverage and a declaration that coverage (if it exists) only applies to "property damage" which occurred during the applicable period of coverage.

### FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment Action)

19.     Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

20.     Plaintiff is informed and believe that this Honorable Court has the power pursuant to 28 U.S.C. § 2201 to decide and determine the issues presented in this action and may enter a final judgment with respect to these issues.

21.     Upon information and belief, no coverage exists under the Policies for the acts and/or omissions complained of by the claimants against the Defendants in the Lawsuit, and Plaintiff is therefore entitled to an Order and judgment declaring that it is under no duty or obligation, pursuant to the Policies, to defend and/or indemnify the Defendants for any matter whatsoever relating to the Lawsuit, or any judgment arising therefrom.  In the alternative, Plaintiff asks this Court to inquire into the matters raised herein and determine the effective dates of coverage and the amount of coverage, if any, that exists in favor of the Defendants.

WHEREFORE, Auto-Owners prays that this Honorable Court issue an Order declaring that they are under no obligation or duty to defend and/or indemnify the Defendants in any manner regarding the Lawsuit, or any judgment arising therefrom, and for such other and further relief as this Honorable Court may deem just and proper.

Dated the  30th  day of March 2009.

> Respectfully Submitted;
>
> ELMORE & WALL, P.A.
>
> s:/Morgan S. Templeton
> Morgan S. Templeton (Fed ID # 7187)
> 45 King Street, Suite 302
> Post Office Box 1200
> Charleston, South Carolina 29402
> (843)329-9500
> Attorneys for Plaintiff